## Curtis, Appellant, *v.* Curtis.

*Husband and wife—Actions between—Separation—Divorce.*

An action cannot be maintained by a wife in Pennsylvania against her husband to recover the amount of money expended by her in her own maintenance during the husband's alleged desertion, where it appears that the parties separated by mutual consent under a written agreement, that at the time of the separation and thereafter they were citizens and residents of the state of Ohio, and that after the action was begun the wife obtained an absolute divorce with the allowance of a gross sum in the nature of alimony.

Argued May 6, 1901. Appeal, No. 268, Jan. T., 1900, by plaintiff, from judgment of C. P. McKean Co., June T., 1896, No. 111, on verdict for defendant in case of M. J. Curtis v. Corwin Curtis. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN and POTTER, JJ. Affirmed.

Foreign attachment in assumpsit.

The facts sufficiently appear by the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.    Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Thomas F. Richmond*, with him *Sheridan Gorton*, for appellant.—A wife who has been deserted by her husband may sue him for her support during the time he has neglected to support her.    The acts of 1718 and 1855 authorizing such suit have not been repealed by the act of June 8, 1893 : Miller v. Miller, 4 Pa. Dist. Rep. 309 : Reilley v. Reilley, 4 Brewster, 169 ; Moorhouse v. Moorhouse, 6 Pa. Dist. Rep. 495 ; Blank v. Kline, 155 Pa. 613 ; Blaker v. Cooper, 7 S. & R. 500.

*E. R. Mayo*, with him *G. B. Mayo*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, July 17, 1901:

Actions between husband and wife were not authorized at common law, and can only be maintained now by virtue of statute.    This is an action by a wife against her husband to recover the amount of money expended by her in her own maintenance during his alleged desertion.    It appears that the parties separated by mutual consent under written agreement, so that her right of action is not clear, even under Pennsylvania law.    But both parties were at the time of separation and still are citizens and residents of the state of Ohio, and have never been within the jurisdiction of Pennsylvania.    She, therefore, is not entitled to any rights, nor he subject to any obligations arising solely under the statutes of this state.    There was no evidence that the action could be maintained under the laws of Ohio, and the court below was therefore right in directing the verdict for defendant.

Another ground is equally effective.    When this action was begun, cross suits for divorce between plaintiff and defendant were pending in Ohio, which resulted before the trial here, in a decree of divorce a vinculo in favor of the wife, with an allow-

ance of a gross sum of $500 in the nature of alimony.   The presumption is ·that this included and terminated all pecuniary obligations to her on his part, and there was no evidence that under the law of Ohio there would be any different rule.

Judgment affirmed.